# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY ACKERS,            )
                                    )
                 Plaintiff,    )
                                    )
     v.                       )     Civil Action No.  18-1296 (UNA)
                                    )
JOHN KERRY, *et al.*,       )
                                    )
              Defendants.   )

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and his *pro se* complaint. Plaintiff alleges that John Kerry, former United States Senator and Secretary of State, acted as an unregistered foreign agent when he met with the Iranian Foreign Minister in May 2018. *See* Compl. at 1-2 (page numbers designated by ECF). In so doing, plaintiff asserts, *see id*. at 3-4, Kerry engaged in espionage in violation of 18 U.S.C. § 793(e), conspiracy in violation of 18 U.S.C. § 371, made false statements in violation of 18 U.S.C. § 1001, and violated the Logan Act, *see* 18 U.S.C. § 953. Plaintiff demands compensatory and punitive damages. Compl. at 4.

The Court dismisses the complaint because the statues on which plaintiff relies do not allow for a private right of action. *See Strunk v. N.Y. Province of the Soc'y of Jesus*, No. 10-5091, 2010 U.S. App. LEXIS 20876, at *2 (D.C. Cir. Oct. 5, 2010) (per curiam) ("To the extent appellant attempts to assert a claim under 18 U.S.C. §§ 951-960, these criminal statutes do not provide a private cause of action."); *West v. Mnuchin*, No. 17-1129, 2017 WL 4765724, at *1 (D.D.C. July 19, 2017) (dismissing claim against Secretary of the Treasury under 18 U.S.C. § 1001 because this "criminal statute . . . does not provide for a private right of action"); *Rice v.*

*Holder*, 898 F. Supp. 2d 291, 293 (D.D.C. 2012) (finding that "the federal criminal conspiracy statute plaintiff has cited, 18 U.S.C. § 371, provides [no] private right of action against individuals"); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) (citing *Cort v. Ash*, 422 U.S. 66, 79-80 (1975)) ("[I]n the criminal context, the Supreme Court has refused to imply a private right of action in 'a bare criminal statute.'"). Accordingly, the Court dismisses the complaint and issues an order separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: July 6, 2018